UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARQUARION HENDERSON,

    Plaintiff,

v.

                                           Case No. 22-12322
                                           Honorable Linda V. Parker

UNKNOWN PALMER, et al.,

    Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Darquarion Henderson is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff is suing numerous Michigan Department of Corrections ("MDOC") employees stationed at the Macomb Correctional Facility: (1) C.O. Unknown Palmer; (2) C.O. Unknown Simmi; (3) C.O. Unknown Qualls; (4) C.O. Unknown McNeal; (5) C.O. Unknown Inger; (6) C.O. Unknown Diop; (7) C.O. Unknown Hernandez; (8) R.N. Cynthia McInnis; (9) R.N. Unknown Douglas; (10) R.N. Danielle Magnuson; (11) R.N. Colleen Edington; (12) R.N. Unknown Bean; (13) Unknown Frangedakis; (14) Unknown Perry; and (15) Unknown John Does. Plaintiff also names the MDOC as a Defendant.

1

For the reasons that follow, the Court is summarily dismissing the Complaint with respect to five of the named Defendants for Plaintiff's failure to make factual allegations stating a claim against them, and dismissing the Michigan Department of Corrections.  The case will proceed with respect to the remaining Defendants.

I.

The case is before the Court for screening under the Prison Litigation Reform Act ("PLRA").  Plaintiff has been granted leave to proceed *in forma pauperis*.  Under the PLRA, courts are required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, courts are required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.

Plaintiff's pro se complaint concerns events alleged to have occurred at the Macomb Correctional Facility during the Spring of 2022. Plaintiff asserts that on April 24, 2022, he experienced a cardiac event in his cell and pushed the emergency call button. He claims that Defendant Palmer came to check on him, but Palmer left him in his cell despite the medical emergency.

Plaintiff asserts that Defendants Palmer and Simmit responded to a second emergency call. But before taking Plaintiff to the medical unit, Plaintiff asserts that Palmer and Simmit stripped his pants down and sexually assaulted him. Plaintiff asserts that he subsequently filed a Prison Rape Elimination Act ("PREA") complaint, and since that time, staff have retaliated against him through physical assault, refusing to treat him for various medical conditions, and falsely accusing him of malingering.

Affording the pro se pleading the deference it is entitled to for PLRA screening purposes, the complaint asserts facts alleging that Defendant Palmer and Simmit are liable for the sexual assault, acts of retaliation following his PREA complaint, and for being deliberately indifferent to his serious medical needs. Plaintiff also asserts facts alleging that Defendants McInnis, Douglas, Magnuson, Edington, Bean, Frangedakis, and Parry—all apparently assigned to the medical

4

unit—are liable for actions taken in deliberate indifference to his serious medical needs.

Plaintiff also seeks damages against Defendants Qualls, McNeal, Inger, Drop, and Hernandez for physical assault and retaliation. But beyond the request for relief, the complaint is devoid of specific factual allegations with respect to these five Defendants. (*See* ECF No. 1, Pg. ID. 23, ¶¶ 123(B)-(C).)

### III.

With Respect to Defendants Qualls, McNeal, Inger, Drop, and Hernandez, Plaintiff has failed to state a claim under § 1983. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). The Complaint includes no factual allegations regarding these five Defendants indicating that they assaulted him, retaliated against him for his PREA complaint, or that they were deliberately indifferent to a serious medical need. As such, the Complaint must be dismissed with respect to these Defendants.

5

**IV.**

Plaintiff's claims against Defendant MDOC must also be dismissed. It is well established that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). As a state agency, MDOC is entitled to immunity from civil rights suits in federal court. *See Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001); *Adams v. Calhoun Cty.*, 2019 WL 3501815, at *2 (6th Cir. Apr. 24, 2019).

**V.**

Accordingly,

Pursuant to 28 U.S.C. § 1915(e)(2), Defendants Qualls, McNeal, Inger, Drop, Hernandez, and Michigan Department of Corrections are **DISMISSED**. The case will proceed with respect to the other Defendants named in the complaint.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: January 23, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 23, 2023, by electronic and/or U.S. First Class mail.

                                                         s/Aaron Flanigan
                                                         Case Manager