UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARQUARION HENDERSON,

    Plaintiff,                                         Civil Case No. 22-12322
                                                           Honorable Linda V. Parker

    v.

UNKNOWN PALMER, et al.

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF NO. 15)

This lawsuit arises from Plaintiff Darquarion Henderson's ("Plaintiff") incarceration in the Michigan Department of Corrections. Plaintiff's Complaint alleges claims of sexual abuse, excessive misuse of force, and denial of adequate medical care by prison officials while Plaintiff was an inmate at the Macomb Correctional Facility (MRF) in Lenox Township, Michigan. (*See* ECF No. 16 at Page ID 185-90.) Contemporaneous with his Complaint, Plaintiff filed a motion for temporary restraining order (TRO) and preliminary injunction. (*See* ECF No. 15.) In his motion, Plaintiff seeks an order requiring Defendants to release him from a segregated housing unit and arrange for an examination and treatment plan by a qualified medical professional. (*See id.* at Page ID 156.) Plaintiff also asks the Court

to order Defendants to "cease their conduct in violating Plaintiff[']s rights secured by the Constitution[] of the United States, and statutes enacted by Congress." (*Id.*)

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit." *Richardson v. Wells Fargo Bank, NA*, No. 13-cv-10234, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013). The court must consider the following factors when considering whether to issue a TRO or preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2008); *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). "These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) (citation omitted).

Moreover, federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *NAACP v. City of Parma,* 263 F.3d 513, 530 (6th Cir. 2001) (citing *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992)); *see also Carras v. Williams,* 807 F.2d 1286,

2

1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

In his motion, Plaintiff claims that he has been placed in a "punitive segregation unit" which "poses a significant risk to his mental well-being," despite having "served all disciplinary confinement sentences." (ECF No. 15 Page ID. 145, 149.)  Plaintiff further argues that he uses a wheelchair and his continued incarceration in "punitive housing" makes it difficult for him to receive proper physical rehabilitation.  (*See id.*)  Since filing his Complaint and motion, however, Plaintiff has been transferred from the Macomb Correctional Facility to another facility.[1]

Plaintiff argues that he is "suffering irreparable harm in the form of physical and mental" pain by "being denied medical care," and "continued stay in punitive housing," to the point where he has attempted to end his own life. (ECF No. 15 Page ID 155.)  While the Court is sympathetic to Plaintiff's allegations, his transfer to another facility removes Plaintiff from the "punitive housing" of the Macomb facility and renders his request moot.  Plaintiff's transfer renders his request for injunctive relief moot because his Complaint is based on his treatment at a facility where he is no longer incarcerated.

---

[1] *See* Michigan Department of Correction (MDOC) Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=960081 (last visited Sept. 14, 2023).

A prisoner's claim for declaratory or injunctive relief against certain prison officials becomes moot once the prisoner has been transferred from the facility of which he complained to a different facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) ("The plaintiff … has been transferred [to another facility]. Therefore, we find the plaintiff's request for declaratory and injunctive relief is rendered moot."); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (inmates claim for injunctive relief and transfer to smoke-free housing rendered moot by transfer to another facility); *Berryman v. Granholm*, 343 F. App'x 1, 4-5 (6th Cir. 2009) (finding that the district court correctly held that because Plaintiff had been transferred to another facility, his claims for declaratory and injunctive relief claim became moot).

Consequently, Plaintiff's request has been mooted by his transfer. The Court cannot grant the requested relief and therefore denies Plaintiff's motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order

and Preliminary Injunctive Relief (ECF No. 15) is **DENIED**.

    **SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 21, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 21, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager