UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARQUARION HENDERSON,

    Plaintiff,

v.

                          Case No. 22-cv-12322
                          Honorable Linda V. Parker

JULIE PALMER, et al.,

    Defendants.
_____/

**OPINION AND ORDER: (1) REJECTING OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 14, 2025 REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION; (3) GRANTING IN PART AND DENYING IN PART DEFENDANT MICHIGAN DEPARTMENT OF CORRECTION'S MOTION FOR SUMMARY JUDGMENT; (4) DENYING DEFENDANT MAGNUSON AND EDGINGTON'S MOTION FOR SUMMARY JUDGMENT; (5) GRANTING MCNEAL'S SUMMARY JUDGMENT MOTION; (6) DENYING DEFENDANTS DROSTE, HALL, KINNER, MONTGOMERY, AND SPAULDING'S PARTIAL SUMMARY JUDGMENT MOTION; AND (7) DISMISSING DEFENDANTS INGER, DIOP, HERNANDEZ, AND MCNEAL AS DEFENDANTS**

Plaintiff initiated this pro se civil rights lawsuit on September 30, 2022, against the Michigan Department of Corrections ("MDOC") and various individual defendants. The matter has been referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C.

1

§ 636(b)(1)(B).  (ECF No. 55.)  It is presently before the undersigned on Magistrate Judge Patti's Report and Recommendation (R&R), dated March 14, 2025 (ECF No. 90), addressing Defendants' motions for summary judgment (ECF Nos. 70-71, 73, 84).  The moving defendants seek summary judgment on exhaustion grounds.

## Magistrate Judge Patti's R&R

In summary, Magistrate Judge Patti finds in the R&R:

> (a)  Grievance MRF-22-06-1170-26a ("MRF-1170") did not exhaust Plaintiff's Claim No. 6 against Defendants Simmet or Bean, Claim No. 7 against Defendants Qualls and McNeal, or Claim 8 against Defendants Inger, Diop, Hernandez, or McNeal;[1]
>
> (b)  Because Claim 7 and 8 are the only claims against McNeal, and Claim 8 is the only claim against Inger, Diop, and Hernandez, these individuals should be dismissed as parties to this lawsuit.
>
> (c)  Grievance MRF-22-06-1181-28c ("MRF 1181") did not exhaust any claims against Defendant Simmet, because he was not named in the initial grievance; however, there is a genuine issue of material fact as to whether MRF 1181 was properly rejected at Step I and therefore failed to exhaust Claims 6, 10, 11, 12, 13 against the multiple MDOC employees and nurses named.
>
> (d)  Defendants Droste, Hall, Kinner, and Montgomery provided skeletal arguments in their motion and failed to address the arguments raised by Plaintiff in response,

---

[1] Magistrate Judge Patti provides a chart of Plaintiff's 23 claims in the R&R.  (*See* ECF No. 90 at PageID. 876-882.)

2

> thereby waiving the arguments raised. Alternatively, Defendants Droste, Hall, Kinner, and Montgomery have not met their initial burden of identifying evidence that Plaintiff did not properly exhaust his claims against them.

(*See generally* ECF No. 90.) Magistrate Judge Patti therefore recommends that: (i) the MDOC Defendants' motion (ECF No. 70) be granted in part and denied in part; (ii) Defendants Magnuson[2] and Edgington's[3] motion (ECF No. 71) be denied; (iii) Defendant McNeal's motion (ECF No. 73) be granted; and (iv) Defendants Droste, Hall, Kinner, Montgomery, and Spaulding's motion (ECF No. 84) be denied.

At the conclusion of the R&R, Magistrate Judge Patti informs the parties that they must file any objections within fourteen days. He further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." The deadline for Defendants to file objections was March 28. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Because Plaintiff was served with the R&R by mail, his deadline was March 31. *See* Fed. R. Civ. P. 6(d). Only Defendants Edgington and Magnuson filed objections by these deadlines. (ECF No. 92.)

---

[2] The docket lists this Defendant's name as "Magnoson" but the correct spelling appears to be Magnuson. (*See* ECF No. 71.)

[3] The docket lists this Defendant's name as "Edington" but the correct spelling appears to be Edgington. (*See id.*)

3

**Standard of Review**

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

Edgington and Magnuson object to Magistrate Judge Patti's finding of a genuine issue of material fact as to whether Plaintiff exhausted Claims 6 and 10-13 in MRF-1181. While MDOC indicated that the grievance was rejected because it contained more than one issue—which Edgington and Magnuson acknowledge is not the correct standard—they contend that the grievance was still correctly rejected because it improperly contained multiple unrelated issues. Edgington and

Magnuson contend that Magistrate Judge Patti's finding that a reasonable juror could find the issues raised in the grievance related "expand[s] the universe of the meaning of 'relates' too far to make the term practical or fair." (ECF No. 92 at PageID. 904.)  They argue that, "[u]nder the logic presented by the Recommendation, Plaintiff could have named every single health care provider and every single MDOC employee at the Macomb Correctional facility, and listed 365 days' worth of health care complaints, all in a single grievance," and this would satisfy his exhaustion requirement. (*Id.*)

Edgington and Magnuson's argument is a complete over-exaggeration of the impact of Magistrate Judge Patti's conclusions.  It is like seeing a puddle and warning of a flood.  They ignore Magistrate Judge Patti's specific observation that MRF-1181 was a "one-paragraph grievance which spans events of *only three days*" and "all relate to [individual's named in the grievance] alleged failure to provide medical care and accommodation for Plaintiff's alleged inability to walk." (ECF No. 90 at PageID. 890-91 (emphasis added).)

The Court agrees with Magistrate Judge Patti that one cannot conclude, as a matter of law, that the issues raised in MRF-1181 concern "multiple, unrelated issues."  The Court, therefore, rejects Edgington and Magnuson's objections to Magistrate Judge Patti's R&R and adopts the R&R.

Accordingly,

5

**IT IS ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 70) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Edgington and Magnuson's motion for summary judgment (ECF No. 71) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant McNeal's motion for summary judgment (ECF No. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Droste, Hall, Kinner, Montgomery, and Spaulding's motion for partial summary judgment (ECF No. 84) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Inger, Dip, Hernandez, and McNeal are **DISMISSED WITH PREJUDICE** and these Defendants are **TERMINATED** as parties to this action.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: April 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 14, 2025, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager