`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARQUARION HENDERSON,

       Plaintiff,

v.

JULIE PALMER, et al.,

       Defendants.

Case No. 2:22-cv-12322
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

_____/

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING AND MOTION FOR SPOLIATION SANCTIONS (ECF Nos. 117, 118), DENYING WITH PREJUDICE PLAINTIFF'S MOTION FOR THE COURT TO DEFER DECISION ON MDOC'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 132) AND EXTENDING TIME TO FILE RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 129 &131)</u>**

**A.    Introduction**

Plaintiff filed the instant lawsuit in pro per on September 30, 2022, against the Michigan Department of Corrections ("MDOC") and various individual defendants. (ECF No. 1.) Judge Parker referred this case to me on June 22, 2023 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 22.) Thereafter, Plaintiff moved for leave to amend his complaint (ECF

No. 53.), which the Court granted on March 19, 2024. (ECF No. 67.) On May 7, 2025, the Court denied a second motion for leave to amend, confirming the operative pleading as Plaintiff's December 6, 2023 Amended Complaint. (ECF No. 54.)

Plaintiff alleges that Defendants violated his constitutional rights by sexually assaulting him, physically assaulting him, failing to provide for his medical needs, and retaliating against him for filing grievances. Defendants filed four motions for summary judgment. (ECF Nos. 70, 71, 73, 84.) I issued a report and recommendation on the motions (ECF No. 90), which Judge Parker adopted on April 14, 2025 (ECF No. 95). As a result of Judge Parker adopting my recommendation, Defendants Inger, Diop, Hernandez, and McNeal have been dismissed from this lawsuit.

On May 8, 2025, I amended the Scheduling Order and set final deadlines for discovery as July 25, 2025, and dispositive motions as August 29, 2025. Plaintiff subsequently filed a motion to extend the discovery deadline, a motion for leave to file a motion to compel, and a motion to compel, all of which I denied on September 5, 2025, finding that Plaintiff had not acted diligently to secure discovery before the discovery deadline passed. Plaintiff did not file an objection to that order.

Now before the Court is a motion for evidentiary hearing (ECF No. 117), a motion for spoliation sanctions (ECF No. 118), and a motion for the Court to defer decision on MDOC's motion for summary judgment (ECF No. 132).

**B.      Analysis**

Spoliation is "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usu[ally] a document." Black's Law Dictionary (11th ed. 2019). "District courts have broad discretion to craft proper sanctions for the spoliation of evidence." *Adkins v. Wolever*, 692 F.3d 499, 503 (6th Cir. 2012). "If proved, spoliation may be used to establish that the evidence was unfavorable to the party responsible." (*Id*.) "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish . . .

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (citing *Byrnie v. Town of Cromwell,* 243 F.3d 93, 107–12 (2d Cir.2001)); *see also Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010) (quoting *Residential Funding Corp.*, 306 F.3d at 107).

A spoliation ruling is evidentiary in nature and the authority to impose sanctions for spoliated evidence arises "from a court's inherent power to control

the judicial process." *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (*quoting Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir.2001)). "[A] proper spoliation sanction should serve both fairness and punitive functions." *Id.* (*citing Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir.1995) (observing that a proper sanction will serve the "purpose[s] of leveling the evidentiary playing field and . . . sanctioning the improper conduct")). The severity of the sanction depends on the circumstances of the case and the degree of culpability of the challenged behavior. *Id.* at 652-53. The Court can therefore consider different levels of sanctions "for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Id.* (*citing Vodusek*, 71 F.3d at 156).

The Federal Rules of Civil Procedure provide for rules about electronically stored information:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> >
> > > (A) presume that the lost information was unfavorable to the party;

4

>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).  Under the clear language of Rule 37, sanctions are not available for spoliation of electronically stored information ("ESI") unless there is a finding of "intent to deprive" and thus "[a] showing of negligence or even gross negligence will not do the trick." *Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016).

All three of Plaintiff's motions revolve around his allegation that Defendants intentionally destroyed or failed to preserve the video footage related to the allegations in this lawsuit.  The Court will address each motion in turn.

### 1.  Motion for Spoliation Sanctions (ECF No. 118)

In Plaintiff's motion for spoliation sanctions, he argues that the Court should impose spoliation sanctions on the MDOC Defendants for "destroying and/or failing to preserve all video footage relevant to the claims and grievances associated with the claims in this action."  (ECF No. 118, PageID.1081.)  Plaintiff asserts that during the grievance procedure, Plaintiff "either mentioned that the actions of the defendants are captured via institutional video footage and/or requested that those footages be saved."  (ECF No. 118, PageID.1082.)  Plaintiff also asserts that he requested production of the videos throughout discovery and

Defendants responded that there were no responsive documents, which according to Plaintiff indicates that the videos were either destroyed or not preserved. (*Id.*)

Defendants do not materially disagree with these facts, agreeing that throughout discovery "Plaintiff sent multiple sets of requests to produce and among those requests were 17 distinct requests for surveillance footage." (ECF No. 120, PageID.1110.) Defendants responded to those requests on June 16, 2025, stating in all but one of the responses that there were no responsive documents. (ECF No. 118, PageID.109-1098.) In response to Request No. 23, Defendants stated there was a responsive video for a portion of the time requested, but Defendants objected to its production on safety concerns of allowing an incarcerated prisoner possession of camera footage from a prison. (ECF No. 118, PageID.1098.)

Five weeks after Defendants' discovery responses, the discovery period closed. (ECF No. 104.) Plaintiff did not file a motion to compel prior to the close of discovery. Instead, Plaintiff filed a motion to compel on August 28, 2025, over two months after receiving the discovery responses and over a month after discovery had closed. (ECF No. 124.) The Court denied the motion to compel, along with a motion to extend the discovery period, due to Plaintiff's failure to move earlier and failure to show excusable neglect. (9/05/2025 Text-Entry Order.)

6

Plaintiff now seeks spoliation sanctions, arguing that his references to the video surveillance in his grievances triggered a duty to preserve the video footage and that Defendants' discovery responses indicating that the video does not exist is proof that Defendants destroyed, intentionally or negligently, the relevant video. Plaintiff's argument misses the mark for two reasons.

First, the Court is not persuaded that mentioning video footage in a grievance, in and of itself, was enough to trigger a duty to preserve. Plaintiff points to case law suggesting that "[a] prisoner's filing of a grievance, especially when combined with other circumstances, may be enough notice that the video recording of the incident will be relevant to future litigation." *Henry v. Mihm*, No. 22-12830, 2025 WL 1271297, at *4 (E.D. Mich. May 1, 2025) (Stafford, M.J.) (citing *Annabel v. Frost*, No. 14-10244, 2023 WL 2015577, at *3 (E.D. Mich. Feb. 15, 2023); *Bruin v. Swank*, No. 5:16-CV-105-BJB, 2025 WL 289679, at *6 (W.D. Ky. Jan. 24, 2025); *Bistrian v. Levi*, 448 F. Supp. 3d 454, 469 (E.D. Pa. 2020)). However, there is also case law, as Defendants point out, cautioning against imposing a bright line rule that every mention of video surveillance activates a duty on the MDOC to preserve the video evidence. *Adkins*, 692 F.3d at 506. The Sixth Circuit has stated that, "[t]o impose a rule to cover every such situation would unnecessarily interrupt a prison administrators' judgment as to how to operate their prisons and force prison employees to constantly second-guess their

7

employer's ability to maintain potential evidence for possible litigation. That is not a burden we are willing to impose." *Id.* Indeed, as the Western District of Michigan has stated, "[p]risoner grievances threatening litigation are very common." *Briggs v. Plichta*, No. 1:13-CV-1280, 2017 WL 4051694, at *3 (W.D. Mich. Aug. 11, 2017), *report and recommendation adopted*, No. 1:13-CV-1280, 2017 WL 3981096 (W.D. Mich. Sept. 11, 2017)) (rejecting spoliation argument where there was no evidence that defendants had the ability to access the video footage, and no evidence that the defendants had any role in the destruction of the video evidence).

And, second, with respect to the particular facts of this case, Plaintiff has not shown, or even adequately alleged, that these *specific* Defendants had knowledge of any impending litigation, knowledge of any request for video, control over the specific video (if such video even existed), or responsibility for any destruction of the video. There is no evidence that Defendants even knew of the mention of video surveillance in the grievances, as MDOC Policy provides that "[p]risoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent." (ECF No. 120, PageID.1113 (citing Michigan Department of Corrections, Policy Directive 03.02.130).)  Nor is there any evidence that Defendants intentionally or even negligently destroyed any

8

videos, as both parties agree that MDOC policy provides that video surveillance is automatically overwritten after 30 days. (ECF No. 120, PageID.1116, ECF No. 118, PageID.1085.) In short, Plaintiff's motion is based entirely on his speculation of who did what and why.

Finally, even if Plaintiff had shown that Defendants had a duty to preserve the video surveillance, and had further shown that these particular Defendants were responsible for the negligent or intentional destruction of the videos, Plaintiff has not shown how the relevance of the purported video evidence would shape this Court's potential sanction. Typically, spoliation motions relate to an inference given to the trier of fact at trial, and this motion instead comes prior to a summary judgment determination on the merits of the case.

Plaintiff has not shown that spoliation sanctions are appropriate at this stage in the litigation, and his motion will therefore be denied. However, the Court bases this holding specifically on Plaintiff's lack of evidence related to spoliation. The motion (ECF No. 118) is **DENIED WITHOUT PREJUDICE** subject to Plaintiff's right to argue for a spoliation inference at trial, should the case survive summary judgment and should the proper foundation be laid at a later date.

### 2. Motion for Evidentiary Hearing (ECF No. 117)

Plaintiff also moves for an evidentiary hearing to further explore the spoliation issue. (ECF No. 117.) Plaintiff argues that he is proceeding *in pro per*,

9

which limits his ability to take depositions, and that interrogatories are not permitted of a grievance coordinator. Plaintiff also argues that testimony from Defendants "would assist the Court in determining who was responsible for the destruction of the requested video footage and what actions if any … the MDOC [Defendants] took to preserve those footages." (ECF No. 117, PageID.1078.) Essentially, now that discovery is closed and Plaintiff failed to seek and obtain the necessary discovery within the requisite time period, Plaintiff seeks an evidentiary hearing to answer his unasked questions. The Court will not grant an evidentiary hearing to allow Plaintiff to explore a topic he could have explored during discovery. While Plaintiff asserts that his discovery efforts were thwarted by his time in physical therapy and a delay in receiving Defendants' responses, there was nothing stopping Plaintiff from propounding interrogatories on this topic either before the stay was imposed, or even after the stay was lifted, simultaneous with his requests for production. Without even a preliminary showing or knowledge, intent, negligence, culpability, or even involvement in any destruction of video evidence, the Court will not grant an evidentiary hearing as a fishing expedition after discovery has closed. Evidentiary hearings are not discovery tools. As with the prior ruling, the Court will deny the motion without prejudice to the right of Plaintiff to raise the motion again, if properly supported, at trial (or in his portion

10

of the proposed final pretrial order, if the case has been certified for trial) in arguing for an adverse inference.

Plaintiff's motion for an evidentiary hearing (ECF No. 117) is **DENIED WITHOUT PREJUDICE.**

### 3. Motion to Defer Summary Judgment Decision (ECF No. 132)

Plaintiff has also filed a motion for the Court to defer consideration of Defendants' motion for summary judgment until the Court conducts an evidentiary hearing. (ECF No. 132.) Plaintiff cites to Fed. R. Civ. P. 56(d) to argue that he cannot present essential facts in opposition to Defendants' motion for summary judgment, and requests the Court defer consideration pending an evidentiary hearing. Plaintiff attaches a declaration stating that video evidence would have proven all of his claims to be true and he cannot respond to Defendants' motion for summary judgment without first having an evidentiary hearing and obtaining spoliation sanctions. (ECF No. 132, PageID.1824.)

Plaintiff's motion (ECF No. 132) is **DENIED**. For the reasons discussed above, the Court is not persuaded that Plaintiff has shown entitlement to an evidentiary hearing, or entitlement to spoliation sanctions. Moreover, Plaintiff has not shown how his case rests *entirely* on the existence of video surveillance which he has not even seen. Plaintiff does not show how he cannot present facts to support his case through affidavit, declaration (pursuant to 28 U.S.C. § 1746),

deposition testimony, or any other evidence; he simply argues that the video evidence would have presumably *bolstered his case*.  Finally, and most importantly, discovery is closed, and the Court has already denied a motion to extend the discovery period.  Plaintiff had opportunity to explore this issue during discovery, and the Court will not delay this case further.

Given the delay occasioned by ruling on these motions, the Court will grant Plaintiff an additional extension to file his response to the pending summary judgment motions (ECF No. 129 & 131).  Plaintiff's response to Defendants' two pending summary judgment motions (ECF No. 129 & 131) is due by **January 20, 2026**.

### C. Conclusion

Plaintiff's motion for spoliation sanctions and motion for an evidentiary hearing (ECF Nos. 117 & 118) are **DENIED WITHOUT PREJUDICE** to Plaintiff's right to argue spoliation at trial, if properly supported.  The Court further leaves open the possibility that a spoliation argument may be raised in Plaintiff's response to the pending summary judgment motions.  The Court cautions, however, that based on the record before it, Plaintiff should not rely exclusively on a spoliation argument in an attempt to defeat Defendants' summary judgment motion.  He has multiple avenues of presenting supporting evidence and may do so.

Plaintiff's motion to defer consideration of Defendants' motion for summary judgment (ECF No. 132) is **DENIED**.

Dated:  December 19, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE