UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARQUARION HENDERSON,

Plaintiff,

v.

Case No. 22-cv-12322
Honorable Linda V. Parker

JULIE PALMER, et al.,

Defendants.
_________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THIS COURT'S SEPTEMBER 29, 2026, OPINION AND ORDER (ECF NOS. 150, 152), ENTERING PHASE II SCHEDULING ORDER, AND REFERRING THE CASE FOR A SETTLEMENT CONFERENCE**

On September 29, 2026, this Court issued an Order and Opinion (ECF No. 150) granting in part and denying in part the MDOC Defendants' motion for summary judgment and granting Defendant Edington and Magnuson's motion for summary judgment. On October 16, 2026, the Court received a letter from Plaintiff in which he expresses his request for the opportunity to object to the dismissal of some of his claims. (ECF No. 151.) Plaintiff followed up with a motion objecting to the judgment under Fed. R. Civ. P. 46 and requesting relief under Fed. R. Civ. P. 60(b). (ECF No. 152.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the

reasons that follow, the Court is rejecting Plaintiff's Motion for Relief from this Court's September 29, 2026, judgment.

a. **Plaintiff's Objections under FRCP 46**

Plaintiff objects to this Court's Order under Federal Rule of Civil Procedure 46. (ECF No. 152.) However, Rule 46 relates to trial procedure, and is not the proper avenue for making a substantive motion for relief. *See McDonald v. Village of Palatine*, No. 08-C-5435, 2012 U.S.Dist. LEXIS 24838, at *3 (N.D. Ill. Feb. 24, 2012). Accordingly, Rule 46 is inapplicable to the proceedings and does not support relief from judgment.

b. **Plaintiff's Motion for Relief under FRCP 60(b)**

Fed. R. Civ. P. 60(b)(1) allows a court to grant relief from a final judgment due to "[a] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *Id.* Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies" it; however, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). In addition, the party seeking relief under Rule 60(b) bears the burden of

establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

The Sixth Circuit has repeatedly held that Rule 60(b)(6) relief is unavailable where a plaintiff raises arguments that were or should have been previously presented. *See GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Rule 60(b) also does not allow a defeated litigant a second chance to raise new arguments. *Jinks*, 250 F.3d at 387.

Plaintiff is concerned that the headings of the Opinion do not mention "reasonable accommodation claims." (ECF No. 152 at PageID.2027.) But these issues were properly considered as part of the Court's analysis of Plaintiff's deliberate indifference claims. (ECF No. 150 at PageID.2005.) Beyond that, the rest of Plaintiff's motion retreads his arguments on what is adequate medical care and raising new arguments. (ECF No. 152 at PageID.2032.) These arguments, old and new, do not reach the "unusual and extreme" standard needed to merit relief under Rule 60(b). Accordingly, Plaintiff is not entitled to relief under Rule 60(b).

c. **Plaintiff's Rights under FRCP 59(e)**

Construing Plaintiff's motion liberally, he would also fail under Fed. R. Civ. P. 59(e). Similar to Rule 60(b), Rule 59(e) also does not allow a Court to consider

new arguments that the moving party could have raised before the decision was issued. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485-86, n.5 (2008). Rule 59(e) also does not allow a party to relitigate previously raised arguments. *Id*. Accordingly, Plaintiff is also not entitled to relief under Rule 59(e).

d. **Plaintiff's Right to Object**

In Plaintiff's letter and Motion, he raises concerns that there was not a Report and Recommendation ("R&R") from Magistrate Judge Patti to which he could object, preserving his arguments for appeal. (ECF No. 151; ECF No. 152 at PageID.2027.) The Court speaks now to clarify this issue.

This Court previously vacated its referral to Magistrate Judge Patti on September 17, 2026. (ECF No. 149.) As the Court's Opinion and Order was not a final judgment, Henderson does not have the right to object or appeal. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). Therefore, an R&R would not be appropriate and any objections from Plaintiff are likewise not permitted. However, Plaintiff will be free to pursue appellate relief upon a final judgment in this Court. 28 U.S.C. § 1291.

e. **Conclusion and Scheduling Order**

Having issued its ruling on summary judgment, the matter is ready and the Court **ISSUES THE FOLLOWING PHASE II SCHEDULING ORDER:**

| **YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES** |
| --- |

| | |
|---|---|
| Motions *in Limine* Filed By: | February 18, 2027 |
| Final Pretrial Order Submitted to the Court By: | April 6, 2027 |
| Final Pretrial Conference: | April 20, 2027 at 11:00 AM |
| Trial Date: | May 18, 2027 at 9:00 AM |
| Jury Trial: Yes ■ No □ | Estimated Length of Trial: |

**REFER TO THE COURT'S PRACTICE GUIDELINES FOR INFORMATION RELEVANT TO THE DATES AND ACTIVITIES SET FORTH ABOVE**

The case also is referred to the assigned magistrate judge for a settlement conference.

The Court also **DENIES** Plaintiff's Motion for Relief from this Court's September 29, 2026, Order.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 6, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 6, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager